UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MICHAEL BAZAN, )
Institutional ID No. 2040031, )
)
Plaintiff, )
)
V. ) CIVIL ACTION NO.
) 5:15-CV-185-BQ
ROBERT WHITFELD, ) ECF
Yoakum County Sheriff Department, *et al.*, )
)
Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Michael Bazan filed this action under 42 U.S.C. § 1983 alleging his constitutional rights were violated on two separate occasions by deputies with the Yoakum County Sheriff's Department. Specifically, Bazan asserted claims for illegal search of his vehicle and unlawful arrest in May 2014, and illegal traffic stop and excessive use of force in September 2014. He seeks monetary damages and requests that his criminal cases be dismissed.

### I. Procedural History

Bazan filed his Complaint on August 25, 2015. He names as Defendants Deputy Robert Whitfield[1] and Deputy Kelly Williamson with the Yoakum County Sheriff's Department. The United States District Court transferred this case under 28 U.S.C. § 636(b)(1) to the United States Magistrate Judge for further proceedings. The Magistrate Judge thereafter reviewed authenticated records from Yoakum County and conducted preliminary screening in accordance with 28 U.S.C. § 1915(e)(2) by issuing a questionnaire under *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir.

---

[1] Bazan named a "Robert Whitfeld" as a Defendant in his Complaint. *See* Compl., at 3–4 (ECF No. 3). In their Motion to Dismiss, however, the Defendants assert that the Defendant's last name should be spelled "Whitfield." Defs.' Mot. to Dismiss, at 1 n.1 (ECF No. 41). Accordingly, the court will refer to the Defendant as Robert Whitfield in this Report and Recommendation.

1

1976). Bazan timely completed and returned the questionnaire. ECF No. 29. After considering Bazan's Complaint, his responses to the questionnaire, authenticated records provided by Yoakum County, and applicable law, the court determined that Bazan's claims for excessive use of force and illegal search survived preliminary screening (ECF No. 34); the court dismissed Bazan's claims for unlawful arrest and illegal traffic stop. ECF Nos. 36, 37.

The court thereafter entered an order on July 26, 2016, directing service and requiring an answer or other responsive pleading as to the Defendants with respect to Bazan's remaining claims. ECF No. 34. Along with the order, the Clerk forwarded a consent form and instructions to the Defendants regarding their right to proceed in this action before the United States Magistrate Judge.

The Defendants filed a motion to dismiss on August 26, 2016. ECF No. 41. As of this date, no consent has been filed with the court on behalf of any of the Defendants. In regard to the dispositive issues in this case, the undersigned now files this Report and recommends that the District Court grant in part and deny in part Defendants' Rule 12(b)(6) motion.

## II. Bazan's Allegations

Bazan alleges that deputies from the Yoakum County Sheriff's Department violated his constitutional rights on two separate occasions. He alleges that the first incident occurred in Denver City, Texas, on May 10, 2014, during a traffic stop.[2] Compl., at 4. Bazan claims Deputy Kelly Williamson asked to search his vehicle, but Bazan refused. *Id.*; Questionnaire, at 1 ¶ 3. Despite his refusal to consent to a search of his vehicle, Bazan alleges that Defendant Williamson unlawfully searched his vehicle without consent. Upon searching the vehicle before it was towed, deputies found marijuana and two cell phones. Compl., at 4; Questionnaire, at 1–2. As a result,

---

[2] In his Complaint, Bazan alleges the incident occurred on May 13, 2014; however, the authenticated records show that the incident occurred on May 10, 2014. For the purposes of this discussion, the court will use the date documented in the authenticated records.

2

Bazan was issued citations for failure to stop at a stop sign and failure to carry insurance; he alleges, however, that authorities later dropped other charges filed in connection with the incident, including driving with an invalid license and possession of marijuana. Questionnaire, at 1–2. Bazan asserts herein that the search of his vehicle was unconstitutional.

The second incident occurred on September 6, 2014, in Denver City. Bazan alleges that Deputy Robert Whitfield followed him and illegally pulled him over during a traffic stop. Compl., at 4; Questionnaire, at 2. Bazan claims that the video from Defendant Whitfield's dash camera of the September 6 incident has been altered and does not show Bazan exiting his vehicle with his hands in the air to indicate he was surrendering. Questionnaire, at 2. Bazan alleges that despite surrendering, Defendant Whitfield ran him over with his police cruiser. *Id.*; Compl., at 4. Bazan claims that as a result of this incident, he suffered multiple injuries, including bruised legs that were "rubbed raw to the white meat," road rash on his side and right arm, and "an extremely bad limp" when trying to walk. Questionnaire, at 3 ¶ 9.c. He states in his responses to the questionnaire, however, that he did not seek medical treatment for those injuries. *Id.*

### III. **Defendants' Arguments**

Given the Complaint's ambiguity, Defendants' motion presumes Bazan attempts to assert claims against Defendants in both their official and individual capacities. Defs.' Mot. to Dismiss, at 4. Liberally construing Bazan's Complaint, as it is required to do, the court similarly reviews Defendants' motion in the context of claims asserted in both an official and individual capacity. Defendants seek to dismiss Bazan's claims against them for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that to the extent Bazan asserts claims against them in their official capacities, such claims must be dismissed because Bazan has not alleged that their actions were the result of an official policy or custom. *Id.*

at 4–8. Additionally, Deputy Robert Whitfield argues that Bazan's claim for excessive use of force is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Id.* at 8–9.[3]

### IV. Discussion

#### A. Preliminary Screening Standard

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if, *at any time*, the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). In its prior order dismissing some of Bazan's claims, filed July 26, 2016, the court set forth in detail the appropriate standard of review under these statutes. *See* ECF No. 36, at 2.

#### B. Standard for Evaluating a Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pled facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). The court need only determine whether the plaintiff has stated a legally cognizable claim; it does not evaluate

---

[3] Defendants' motion does not address an individual capacity claim against Deputy Kelly Williamson for the alleged illegal search of Bazan's vehicle.

4

whether the plaintiff is ultimately likely to prevail. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 800 F.2d 804, 807 (5th Cir. 1990)). Rule 12(b)(6) motions are disfavored and granted sparingly. *See Collins v. Morgan, Stanley, Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### C. Official Capacity Claims

Defendants argue that to the extent Bazan asserts claims against them in their official capacities, such claims must be dismissed because he has failed to state a claim upon which relief can be granted. Specifically, Defendants argue Bazan has merely alleged two unrelated incidents of officer misconduct; he has not alleged that the Defendants' conduct is the result of an official policy or custom. Defs.' Mot. to Dismiss, at 5. Consequently, the Defendants assert that any official capacity claim, which amounts to a claim for municipal liability, must be dismissed. The court agrees.

A claim against Defendants in their official capacities, as employees of Yoakum County Sheriff's Department, is tantamount to a claim against Yoakum County. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"); *Bennett v. Pipin*, 74 F.3d 578, 584 (5th Cir. 1996) ("When a plaintiff sues a county or municipal official in [his] official capacity, the county or municipality is liable for the resulting judgment and, accordingly," the suit amounts to a suit against the county or municipality.). "Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving

force' behind the plaintiff's deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell*, 436 U.S. at 694). Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Rather, "the [employee's] unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bennett v. City of Slidwell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).

As a result, to succeed on his claims against the Defendants in their official capacities, Bazan must show the following: "(1) that [a] municipal employee violated his clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999) (citing *Flores v. Cty. of Hardeman*, 124 F.3d 736, 738 (5th Cir. 1997)). Here, Bazan makes no allegations that the Defendants are county policymakers or that they enacted a policy that was the "moving force" behind the alleged constitutional violations. Moreover, Bazan alleges no more than two isolated incidents, which is not sufficient to establish a municipal policy or custom. *Bennett*, 728 F.2d at 768 n.3 (citing *Berry v. McLemore*, 670 F.2d 30, 32 (5th Cir. 1982)) ("Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy.").

Accordingly, to the extent Bazan asserts claims for excessive use of force and illegal search against the Defendants in their official capacities, such claims should be dismissed.

**D.**  ***Heck v. Humphrey***

Defendant Whitfield argues that Bazan's claim against him for excessive use of force should be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. at 486–87. In *Heck*, the

6

United States Supreme Court held that a plaintiff seeking to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Where a favorable judgment in the civil rights action would "necessarily imply the invalidity of [a prisoner's] conviction or sentence" in his criminal case, the civil claim is barred unless the criminal conviction has been reversed or otherwise declared invalid. *Id.* "This requirement or limitation has become known as the 'favorable termination rule.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)). The *Heck* inquiry is "analytical and fact-intensive," and requires courts to "focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id.*

In this case, Bazan alleges that Defendant Whitfield used force excessive to the need when Defendant Whitfield attempted to pull Bazan over on September 6, 2014, for a traffic violation. Specifically, Bazan alleges that Defendant Whitfield ran him over with his police cruiser as he exited his vehicle during the attempted traffic stop.[4] Bazan claims that as a result of the incident, he suffered bruised legs that were "rubbed raw to the white meat," road rash on his side and right arm, and had "an extremely bad limp" when he tried to walk. Following the incident, Bazan pled guilty under Texas Penal Code § 38.04 to evading arrest or detention, and he is currently serving a sentence in the Texas Department of Criminal Justice for that conviction. Thus, the court must

---

[4] Dash camera video provided by Yoakum County confirms Bazan was struck and/or run over by Defendant Whitfield's cruiser when Bazan exited his vehicle. The court, however, expresses no view at this juncture as to whether such an occurrence, under a record yet to be developed, violated the Constitution.

first determine whether a judgment in Bazan's favor on his § 1983 claim for excessive use of force would necessarily imply the invalidity of Bazan's evading arrest conviction in order to determine whether the favorable termination rule precludes Bazan's claim.

Section 38.04 of the Texas Penal Code provides, in pertinent part, that:

> A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

Tex. Penal Code § 38.04(a) (West 2013). To prevail on an excessive use of force claim, Bazan must establish, among other things, that the force Defendant Whitfield used was "grossly disproportionate to the need for action under the circumstances . . . ." *Petta v. Rivera*, 143 F.3d 895, 902, 911–12 n.26 (5th Cir. 1998) (applying Fourteenth Amendment to plaintiffs' excessive force claim because officer-defendant's attempts to arrest plaintiffs' mother were unsuccessful, and she therefore had not been "seized" when the officer allegedly applied excessive force).[5] If it is possible for Bazan to have intentionally fled as Defendant Whitfield attempted to lawfully detain him *and* for Defendant Whitfield's hitting of Bazan with his cruiser to have been grossly disproportionate to the need, then *Heck* does not bar Bazan's claim.

Here, Bazan's allegation that Defendant Whitfield's action amounted to excessive force is not necessarily inconsistent with his conviction for evading arrest or detention. It is possible for

---

[5] The court previously found that Bazan's excessive use of force claim is governed by the Fourteenth Amendment (*see* ECF No. 34, at 4–5); however, whether the court analyzes his claim under the Fourteenth or Fourth Amendment, its conclusion in this Report and Recommendation is the same. Determining excessive force under either standard would not invalidate or impact Bazan's conviction for evading arrest. *Compare Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (identifying necessary elements for establishing excessive force claim under the Fourth Amendment, namely (1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable), *with Petta*, 143 F.3d at 902 (listing additional elements for an excessive force claim under the Fourteenth Amendment as also requiring that the action, resulting in an injury, was also inspired by malice rather than mere careless or unwise excess of zeal such that it amounted to an abuse of official power that shocks the conscience).

Defendant Whitfield to have attempted to lawfully[6] detain Bazan as he fled, but for Defendant Whitfield to have used force grossly disproportionate to the need during that attempted lawful detention. Stated differently, a finding that Defendant Whitfield's use of force was grossly disproportionate to the need would not necessarily undermine or invalidate Bazan's conviction for evading arrest. *See generally Ballard*, 444 F.3d at 401–02 (discussing cases where "plaintiff's prior conviction is not inconsistent with his claim of excessive force" and concluding that plaintiff's excessive force claim in that case was not *Heck* barred). In *Wadsworth v. Hock*, 3:10-CV-00220-O (BF), 2012 WL 1555444, (N.D. Tex. Jan. 6, 2012), the court considered defendant-officers' argument that plaintiff's conviction for evading arrest, along with facts supplied by their sworn statements, demonstrated as a matter of law that their use of force was not excessive under the Fourth Amendment. 2012 WL 1555444, at *5. Applying *Heck*, the court rejected defendants' contention, recognizing that the issue of whether the officers used force excessive to the need in attempting to apprehend the plaintiff was not tried or necessary to plaintiff's conviction for evading arrest. *Id.* at *6.

Indeed, several courts have distinguished evading arrest claims from offenses such as illegal stop or search in considering whether *Heck's* favorable determination rule bars an excessive force claim. *Cf. Fuller v. Spragins*, 226 F.3d 642, 2000 WL 1029048, at *1 (5th Cir. 2000) (per curiam) (Fifth Circuit affirmed grant of summary judgment in favor of officer-defendants on prisoner's claims of illegal stop, illegal search, and wrongful arrest on basis that claims were *Heck* barred because "a lawful detention is a necessary element of the crime of evading arrest under Tex. Penal Code § 38.04. In contrast, Fifth Circuit affirmed district court's grant of summary judgment in favor of officer-defendants on prisoner's excessive use of force claim on basis that unrebutted

---

[6] Under the state statute, "lawfulness" turns on whether the officer can identify specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Pina v. State*, 127 S.W.3d 68, 75 (Tex. App.--Houston [1st Dist.] 2003, no pet.).

evidence showed that the officers used only minimal force.); *Parker v. Whoolery*, No. A-08-CA-540-SS, 2009 WL 4667127, at *5–6 (W.D. Tex. Nov. 30, 2009) (affirming magistrate judge's grant of summary judgment in favor of officer-defendants on plaintiff's—who was convicted of felony evading arrest and detention—false arrest claim as being *Heck* barred, but dismissing plaintiff's excessive use of force claim on basis that plaintiff failed to show he suffered any injury and that force used was objectively unreasonable). At least one court, however, has held to the contrary. *See Fryar v. Stacks*, Civ. Action No. 4:15CV792, 2016 WL 4033990, at *3–4 (E.D. Tex. May 13, 2016) (citing *Fuller*, 2000 WL 1029048, at *1 and *Parker v. Whoolery*, A-08-CA-540-SS, 2009 WL 3247583, at *4–5 (W.D. Tex. Oct. 2, 2009)) (granting motion to dismiss in favor of officer-defendants because plaintiff's "excessive use of force claim is interrelated to his evading arrest claim" and a "successful excessive use of force lawsuit would necessarily imply the invalidity of a conviction for evading arrest").[7] Under *Heck*'s "analytical and fact-intensive" inquiry, and the specific circumstances of this case as presently developed, the court finds that *Heck* does not bar Bazan's claim for excessive force.

Accordingly, Bazan's § 1983 claim against Defendant Whitfield for excessive force should proceed forward at this stage.

## V. **Recommendation**

For the foregoing reasons, the undersigned recommends that Defendants' motion to dismiss should be granted in part and denied in part. The Defendants' motion should be granted to the extent Bazan asserts claims against the Defendants in their official capacities. Bazan's claims for illegal search against Defendant Kelly Williamson in his individual capacity and

---

[7] This case is currently on appeal to the Court of Appeals for the Fifth Circuit, *Fryar v. Stacks, et al.*, Civ. Action No. 4:15CV792, 2016 WL 3976506 (E.D. Tex. July 23, 2016), *appeal docketed*, No. 16-41170 (5th Cir. Aug. 16, 2016).

excessive force against Defendant Robert Whitfield in his individual capacity should proceed at this stage.

## VI. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 13, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE