IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MICHAEL BAZAN, )<br>TDCJ ID No. 1467471, )<br>Previous Institutional ID No. 2040031, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>ROBERT WHITFELD, )<br>Yoakum County Sheriff Department, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>5:15-CV-185-C |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation for disposition of Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 13, 2017. Defendants and Plaintiff filed their objections to the Report and Recommendation on January 26, 2017.

This Court has made an independent review of the record in this case and finds that the objections should be **overruled** and the Magistrate Judge's findings and conclusions **adopted**.

The Court will not specifically address all of the objections raised but notes that Defendant Whitfield has objected to the Magistrate Judge's determination that Plaintiff's excessive force claim was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendant Whitfield places special emphasis on the discussion of *Fryar v. Stacks*, 2016 WL 4033990 (E.D. Tex. May 13, 2016), in support of his contention that Plaintiff's excessive force claim is *Heck*-barred because the facts of the alleged excessive force are so interrelated to his evading arrest

conviction that a successful excessive-use-of-force lawsuit would necessarily imply the invalidity of a conviction for evading arrest.

At the outset, the Court notes that the Magistrate Judge discussed multiple cases supporting the conclusion that Plaintiff's claim was not *Heck*-barred because a finding that Defendant's use of force was grossly disproportionate to the need would not necessarily undermine or invalidate Plaintiff's conviction. On the other hand, the Magistrate Judge cited *Fryar* and other cases in order to demonstrate circumstances wherein an excessive force claim might actually be *Heck*-barred. In the end, the Magistrate Judge's conclusion with regard to this case did not completely close the door to the possibility that Plaintiff's claim is, in fact, *Heck*-barred. Rather, the Magistrate Judge concluded that "[u]nder *Heck's* 'analytical and fact-intensive' inquiry, and the specific circumstances of this case *as presently developed* . . . *Heck* does not bar Bazan's claim for excessive force." R&R at 10 [emphasis added]. This Court agrees with the Magistrate Judge's conclusion and notes that Defendant may very well be able to demonstrate that the claim is barred by *Heck* (or that his claim is wholly meritless by demonstrating that Plaintiff cannot satisfy all of the elements for an excessive force claim) through a properly supported motion for summary judgment.

It is, therefore, ORDERED:

1. Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED, in part, and all remaining claims against Defendants Robert Whitfield and Kelly Williamson in their official capacities are dismissed with prejudice. Judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, shall be entered accordingly.

2. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED, in part, and Plaintiff's individual capacity claims for illegal search against Defendant Kelly Williamson and excessive force against Defendant Robert Whitfield shall proceed through the course of litigation according to the Scheduling Order to be entered of even date.

3. The Clerk shall change the docket to reflect that the correct spelling of Defendant Robert Whitfeld's name is "Whitfield."

**SO ORDERED.**

Dated February 10, 2017.

SAM R. CUMMINGS
Senior United States District Judge